UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

LIZBET ALFARO,

    Plaintiff,

v.

ALLIED PROPERTY GROUP, INC.,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, LIZBET ALFARO ("Plaintiff"), pursuant to the Families First Coronavirus Response Act - Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. *§ 5102, et. seq.* (2020), (hereafter "the FFCRA," "EPSLA," or "the Act"), files her Complaint against Defendant, ALLIED PROPERTY GROUP, INC. ("Defendant" or "APG"), and alleges as follows:

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Defendant, APG, is a for profit Corporation with its registered principal business address at 12350 SW 132 Court Suite 114, Miami, Florida 33186.

3. At all times material hereto, Defendant, APG, was Plaintiff's employer as that term is defined under the Act.

4. At all times pertinent hereto, Defendant, APG, was Plaintiff's employer covered by the Act, because it was engaged in commerce or in an industry or activity affecting commerce who employed fewer than 500 employees, prior to the time period in which Plaintiff sought leave under the Act.

5. At all times material hereto, Plaintiff was an eligible employee entitled to leave under the Act, based on the fact that she (a) attempted to take paid sick leave for being unable to work due to exposure to COVID-19 and awaiting medical diagnosis, and (b) was employed by Defendant for at least 30 calendar days prior to seeking to exercise her right to FFCRA leave.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

7. Jurisdiction is proper within the Southern District of Florida pursuant to *28 U.S.C. §§ 1331* and *1337*.

8. Venue is proper within the Southern District of Florida pursuant to *28 U.S.C. § 1391(b)(2)*.

## FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendant as a full-time employee from approximately January 26, 2017 through August 3, 2020.

10. During her tenure, Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

11. On July 27, 2020, Plaintiff learned that she had been exposed to an individual who tested positive for COVID-19, and Plaintiff herself began experiencing COVID-19 symptoms, including weakness, light-headedness, dizziness, and exhaustion, and notified her employer that she needed to be tested.

12. For her own safety and that of those around her, Plaintiff immediately began to quarantine herself and was tested for COVID-19 on July 30, 2020.

13. On August 2, 2020, while awaiting her test results, Plaintiff sent written notification to her employer of her intent to invoke her entitlement to paid sick leave pursuant to the Emergency Paid Sick Leave Act ("EPSLA").

14. On August 3, 2020, just twenty-four (24) hours after receiving notice of Plaintiff's intent to seek paid leave pursuant to EPSLA, Defendant terminated Plaintiff's employment.

15. Since Plaintiff's letter to Defendant on August 2, 2020, Defendant has ignored Plaintiff's attempts to contact the company regarding her paid sick leave and employment status.

16. To date, APG has failed to pay Plaintiff for her sick leave.

17. To date, APG has terminated Plaintiff's employment.

18. After receiving express notice of Plaintiff's inability to work due to her experiencing COVID-19 symptoms and need to seek medical diagnosis, Defendant was required under the Act to provide Plaintiff paid sick leave.

19. Plaintiff was entitled to two (2) weeks or eighty (80) hours of paid leave under the Act which, under the circumstances herein, would have been through about August 16, 2020.

20. On August 3, 2020, Defendant discharged, disciplined, and/or otherwise discriminated against Plaintiff because of her request for leave under the Act. Any other reason for Plaintiff's termination is merely pretext for Defendant's unlawful termination of Plaintiff.

21. The temporal proximity of Plaintiff's written request for leave due to experiencing COVID-19 symptoms and her termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise her rights under the Act.

22. As a result of this illegal termination, Plaintiff suffered damages including loss of her opportunity to earn employment wages, benefits, and other remuneration to which she was entitled.

23. As a result of the foregoing, Defendant willfully violated the Act, denied Plaintiff her protected paid sick leave rights, and retaliated against her for seeking leave during the COVID-19 global pandemic.

24. Defendants did not have a subjective or objective good faith basis for their actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I – UNPAID SICK LEAVE UNDER THE FFCRA

25. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 24 above.

26. At all times relevant hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

27. At all times relevant hereto, Plaintiff was entitled to eighty (80) hours of paid sick leave under the Act.

28. Defendant denied Plaintiff protected paid sick leave under the Act.

29. Defendant refused to pay Plaintiff for eighty (80) hours of paid sick time.

30. As a result of Defendant's violation of the Act, it is considered to have failed to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 206.*

31. Plaintiff is entitled to recover federal minimum wages for eighty (80) hours of unpaid sick time, in the amount of $580.00

32. As a result of Defendants' willful violation of the Act, Plaintiff is entitled to an additional amount of $580.00 in liquidated damages.

33. Therefore, as a result of Defendants' willful violation of the Act, Plaintiff is entitled to a total amount of **$1,160.00** for damages in unpaid sick leave.

34. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, LIZBET ALFARO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ALLIED PROPERTY GROUP, INC., and award Plaintiff the following: (a) unliquidated minimum wage damages in the amount of $580.00 to be paid by Defendant; (b) liquidated damages in the amount of $580.00 to be paid by Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the Act and the FLSA;  and any and all further relief that this Court determines to be just and appropriate under the circumstances.

### **COUNT II – UNLAWFUL TERMINATION UNDER THE FFCRA**

35. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 24 above.
36. At all times relevant hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.
37. Defendant unlawfully discharged Plaintiff based upon Plaintiff's exercise of her rights under the Act by terminating her for attempting to take her protected FFCRA paid sick leave during the COVID-19 global pandemic.
38. At all times relevant hereto, Plaintiff was protected from unlawful discharge, discipline, or any other discriminatory manner taken against her under the Act.
39. As a result of Defendant's violation of the Act, it is considered to be in violation of the retaliation provision of the FLSA, *29 U.S.C. § 215(a)(3)*.

40. As a result of Defendant's willful violation of the Act, it is subject to the penalties under the FLSA, *29 U.S.C. § 216(b)*.

41. As a direct result of Defendant's willful conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation in the community, and has been otherwise damaged in an amount to be proven at trial.

42. Therefore, as a result of Defendants' willful violation of the Act, Plaintiff is entitled to recover reinstatement to her prior position, and/or recovery of lost future wages, recovery of her lost back wages to date, and an additional equal amount of lost wages in liquidated damages.

43. Plaintiff has made reasonable effort to mitigate her damages and will continue to do so throughout the pendency of this claim.

44. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, LIZBET ALFARO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ALLIED PROPERTY GROUP, INC., and award Plaintiff the following: (a) damages arising from her unlawful termination under the Families First Coronavirus Response Act to be paid by Defendant; (b) all reasonable attorney's fees and litigation costs permitted under the Act, and any and all further relief that this Court determines to be just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LIZBET ALFARO, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 1st day of August 2020.**          Respectfully Submitted,

                                                     **USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on September 1, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: